UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JORDELLA ROBINSON, INDIVIDUALLY AND AS A REPRESENTATIVE OF A CLASS OF SIMILARLY SITUATED BORROWERS | CIVIL ACTION |
| VERSUS | NO. 15-4123 |
| STANDARD MORTGAGE CORPORATION and STANDARD MORTGAGE INSURANCE AGENCY, INC. | SECTION "R" (2) |

## ORDER AND REASONS

Before the Court is defendants' Rule 12(b)(6) motion to dismiss plaintiff Jordella Robinson's state law claims. Defendants request in the alternative that, if any of plaintiff's state law claims survive this 12(b)(6) motion, this Court should dismiss the state law claims due to lack of jurisdiction under 28 U.S.C. § 1367(c). For the following reasons, the Court declines to exercise supplemental jurisdiction over plaintiff's state law claims and grants defendant's motion to dismiss for lack of jurisdiction. Because this Court no longer has jurisdiction over this case, all remaining pending motions are denied as moot.

## I. BACKGROUND

In 2004, plaintiff Jordella Robinson purchased a home in Harvey, Louisiana and mortgaged it to her lender, Standard Mortgage Corporation.[1] The mortgage agreement included a "force-placed"[2] insurance clause, which required Robinson to obtain hazard insurance.[3] The agreement also authorized Standard to purchase hazard insurance on the property if Robinson failed to do so.[4] When Robinson's insurance expired and she failed to obtain a new policy, Standard notified her that if she did not obtain new coverage, it would obtain the coverage for her at her expense.[5] Nearly four months later, Standard secured an insurance policy on the property at a cost of $8,845.20.[6]

In her putative class action complaint, Robinson alleges that defendants colluded to manipulate the force-placed insurance market by

---

[1] R. Doc. 38 at 12 ¶ 53.
[2] "Force-placed" insurance refers to when mortgage lenders require homeowners to maintain hazard insurance on the mortgaged property to protect the lender's interest in the collateral. With a "force-placed" insurance policy, if a homeowner fails to obtain the required coverage, the lender can independently acquire the insurance and add the cost of the premiums to the principal due under the note.
[3] R. Doc. 38 at 12 ¶ 54.
[4] *Id.*
[5] *Id.* at 13 ¶ 58.
[6] *Id.* at 14 ¶ 63; R. Doc. 38-1 at 10.

2

artificially inflating the amounts that borrowers pay for coverage.[7] Robinson's complaint alleged violations of the Racketeer Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c) (Count One); conspiracy to violate RICO, 18 U.S.C. § 1962(d) (Count Two); breach of the implied covenant of good faith and fair dealing (Count Three); and unjust enrichment (Counts Four and Five). On June 7, 2016, this Court dismissed Robinson's RICO claim and RICO conspiracy claim for failure to state a claim upon which relief can be granted.[8] All that remains are plaintiff's state law claims for breach of the implied covenant of good faith and fair dealing, and unjust enrichment.

## II. DISCUSSION

Under 28 U.S.C. § 1367(a), district courts have supplemental jurisdiction over "all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." However, 28 U.S.C. § 1367(c) provides that district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if "(1) the claim

---

[7] R. Doc. 38 at 6 ¶ 27. For a more detailed explanation of the factual background of this case, see R. Doc. 55 at 2-8.

[8] R. Doc. 55.

3

raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." The language of section 1367(c) and case law makes clear that this is not a balancing test, any one of the four factors is independently sufficient to justify declining supplemental jurisdiction. *See* 13D Wright & Miller, *Fed. Prac. & Proc. Juris.* § 3567.3 (3d ed.). The Supreme Court has given further guidance, instructing federal courts to consider and weigh the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise supplemental jurisdiction over pendent state law claims. *See Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988).

The Fifth Circuit has made clear that the "'general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed.'" *Enochs v. Lampasas County*, 641 F.3d 155, 161 (5th Cir. 2011) (quoting *Parker & Parsley Petroleum Co. v. Dressler Indus.*, 972 F.2d 580, 585 (5th Cir. 1992)). Though this rule is neither "mandatory nor absolute," *Batiste v. Island Records Inc.*, 179 F.3d 217, 227 (5th Cir. 1999), a district court has "wide discretion" to decline to exercise supplemental jurisdiction

4

over state law claims once all federal claims have been dismissed. *See Guzzino v. Felterman*, 191 F.3d 588, 595 (5th Cir. 1999). Additionally, the Supreme Court has noted that when the federal claims are eliminated before trial, the *Carnegie-Mellon* factors will normally "point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon*, 484 U.S. at 350 n. 7.

Here, the section 1367(c) factors, the general rule, and the factors from *Carnegie-Mellon* weigh in favor of declining to exercise supplemental jurisdiction. Robinson's federal claims have been dismissed, satisfying section 1367(c)(3). In terms of novelty and complexity of state law, the parties have not cited any Louisiana case or statute governing the claims asserted on the specific facts at issue here, and the parties vigorously dispute the merits of plaintiff's claims. Further, this Court has not invested substantial judicial resources in the supplemental claims, the trial date is not imminent,[9] and any work the parties have already done can be utilized in state court. *See Robinett v. State Farm Mut. Automobile Ins. Co.*, No. 02-0842, 2002 WL 31498993, at *1 (E.D. La. Nov. 7, 2002), *aff'd* 83 F. App'x 638 (5th Cir. 2003). Finally, it cannot be said that requiring the parties, all

---

[9] *See* R. Doc. 49 at 4 ("Trial will commence the week beginning, Monday, August 7, 2017").

Louisiana citizens, to litigate in Louisiana state court would be unfair or inconvenient.

## III.  CONCLUSION

IT IS ORDERED that defendants' motion to dismiss for lack of subject matter jurisdiction is GRANTED.  All remaining pending motions in this case are hereby DENIED AS MOOT.

New Orleans, Louisiana, this __24th__ day of August, 2016.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE